UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM ESCALERA, JR.,

               Plaintiff,

         - against -

SAMARITAN VILLAGE MEN'S SHELTER;
DHS DEPARTMENT OF HOMELESS
SERVICES; NELSON BROWN; P.O. CLIFF
MUELLER; P.O. BRIAN DERITA; and P.O. YONG
LI,

               Defendants.
-----------------------------------------------------------------------X

**TRANSFER ORDER**
16-CV-6501 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff William Escalera, Jr., currently incarcerated at the Robert N. Davoren Complex ("RNDC") at Rikers Island, filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging defendants violated his constitutional rights while he was a resident at the Samaritan Village Men's Shelter located in Manhattan. (Compl (Doc. No. 1).) Specifically, Escalera alleges that staff at the shelter assaulted him. (*See generally id.*) For the following reasons, the Court transfers the instant action to the United States District Court for the Southern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391, a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In determining whether transfer is appropriate, courts consider a number of factors, including: (1) the convenience of the parties; (2) the locus of operative facts; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the weight accorded to plaintiff's choice of forum; and (5) the interests of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). A plaintiff's choice of forum is accorded less deference where, as here, plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Here, the acts or omissions that allegedly took place occurred in Manhattan. (*See generally* Compl.) In addition, Escalera fails to allege that any of the defendants reside in the Eastern District of New York. (*Id.* at 1–2.) In fact, each of the defendants' addresses that Escalera lists is in Manhattan. Accordingly, transfer of this action to the Southern District of New York is appropriate. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b), 1404(a). No summons shall issue from this Court. The seven day delay of transfer pursuant to Rule 83.1 of the Local Rules of the Eastern District of is hereby waived. A ruling on plaintiff's application to proceed *in forma pauperis* and his Prison Litigation Reform Act ("PLRA") authorization is reserved for the transferee Court.

The Clerk of Court is directed to mail a copy of this Order to Escalera and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
June 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge